UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| WAYNE-STEVEN RICHMOND,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KALEB V. COCKRUM,<br><br>　　　　Defendant. | Case No. 20-cv-00389-RMI<br><br>**ORDER ON MOTION TO DISMISS**<br>Re: Dkt. No. 7 |

Plaintiff, proceeding *pro se*, brings this action against the Honorable Kaleb V. Cockrum, a judge for the Humboldt County Superior Court, in his individual capacity for certain rulings made during Plaintiff's state court criminal trial. *See* Compl. (dkt. 1). Plaintiff brings his claims pursuant to 42 U.S.C. § 1983 and seeks money damages and an order that the state-court records be cleared. *Id*. Defendant now moves to dismiss Plaintiff's claims on the grounds that this court lacks subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine and the Eleventh Amendment and for failure to state a claim due to judicial immunity and the *Heck* doctrine. *See* Def.'s Mot. (dkt. 7). Pursuant to Civil Local Rule 7-1(b), the court finds this matter suitable for decision without oral argument.

**BACKGROUND**

Taking the facts in the complaint as true,[1] in October of 2018, Defendant presided over Plaintiff's criminal trial for an unspecified misdemeanor. *See* Compl. (dkt. 1). Plaintiff alleges that

---

[1] "On a motion to dismiss, all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).

Defendant made several errors during the course of the proceedings. On October 10, 2018, Judge Lawrence Killoran granted Plaintiff's request to proceed *pro se*, however Plaintiff "refused to sign [the *Faretta* waiver of counsel] . . . because [he] . . . did not wish to contract with the court." *Id*. at 2. On October 26, 2018, during what appears to be a pre-trial hearing, Defendant administered an oral *Faretta* waiver advising Plaintiff of his right to waive his Sixth Amendment right to counsel pursuant to *Faretta v. California*, 422 U.S. 806, 835 (1975). *Id*. at 3. While Defendant advised against waiving counsel, he was satisfied that Plaintiff was "fully advised and aware of the pitfalls, dangers, and consequences of acting as his own lawyer." *Id*. Prior to the hearing, Plaintiff filed something called a "counter claim" challenging the court's jurisdiction, which Defendant labeled "as 'legal gobbledygook that has no meaning in this court'" and denied. *Id*. at 2, 4. Throughout the hearing, Defendant interrupted Plaintiff's attempts to speak in court. Id. at 2. Defendant made several evidentiary rulings at the hearing. Regarding evidence Plaintiff offered for trial, Defendant apparently denied the admissibility of certain documents from the internet, which included Supreme Court decisions, and "labeled [those documents] . . . a 'sham.'" *Id*. at 2-3. Defendant also ruled that the California Constitution, the United States Constitution, and the Magna Carta were inadmissible as evidence for Plaintiff's defense, but that Plaintiff could refer to those documents in his closing argument. *Id*. at 4. At some point during this hearing, Defendant asked Plaintiff's witness to the leave the courtroom. *Id*. Defendant also accused Plaintiff of "being 'unable to control [himself] in the courtroom' and threatened to bar him from attending the trial." *Id*. at 3.

On October 29, 2018, at what appears to be the final pre-trial hearing, Plaintiff filed a statement of disqualification pursuant to the California Code of Civil Procedure Section 170.6, but Defendant "refused to recuse" himself, finding the filing untimely. *Id*. at 4-5. Defendant also denied Plaintiff's request to use the California Vehicle Codes as evidence in support of his defense. *Id*. at 5. Plaintiff asked if he could change his plea, and Defendant asked what change he would like to make. *Id*. Plaintiff replied that he would not enter any plea because the case was "not a valid cause of action." *Id*. Defendant entered a plea of not guilty on Plaintiff's behalf and proceeded to jury selection. *Id*. The matter proceeded to trial the following day. *Id*. at 6. In his closing argument, Plaintiff stated that his freedom of speech had been limited by Defendant's

1  orders and stated that complaint requirements under the California Penal and Vehicle codes had
2  not been met. *Id*. Defendant interrupted Plaintiff to clarify that this was a misstatement of the law
3  and warned Plaintiff from making that mistake again. *Id*. Plaintiff was found guilty, and the
4  sentencing hearing was held on November 2, 2018, where Plaintiff learned that Defendant had
5  misstated the maximum sentence during the trial. *Id*. at 7. After the hearing had adjourned,
6  Defendant recalled the parties to inform Plaintiff of his appellate rights because he had failed to do
7  so during the sentencing hearing. *Id*.

8        In his complaint, Plaintiff raises eight claims: 1) Defendant violated 42 U.S.C. § 1983; 2)
9  Defendant deprived him of his right to due process of the law; 3) Defendant proceeded without
10 answering the challenge to the court's jurisdiction;[2] 4) Defendant is individually liable for these
11 violations; 5) Defendant violated his oath of office causing a breach of duty and thereby loss of
12 judicial immunity; 6) Defendant cited inaccurate excuses for refusing to recuse himself; 7)
13 Defendant violated Federal Rule of Civil Procedure 8(f); and 8) Defendant violated his right to
14 free speech by interrupting him while making the closing argument although "[t]here was nothing
15 rude or inflammatory . . . only the Constitution and a few relevant [c]odes." *Id*. at 7-11. Plaintiff
16 seeks damages in the amount of $25,000 and an order to clear all records of the proceeding due to
17 Defendant's failure to recuse himself from the proceeding. *Id*. at 11-12.

18       Defendant argues that Plaintiff's claims should be dismissed for lack of subject matter
19 jurisdiction pursuant to the *Rooker-Feldman* doctrine and the Eleventh Amendment of the United
20 States Constitution, and for failure to state a claim due to judicial immunity and the *Heck* doctrine.
21 *See* Def.'s Mot. (dkt. 7). Plaintiff filed something styled as a motion to deny Defendant's motion
22 to dismiss Plaintiff's complaint; the court will construe this motion as a response in opposition to
23 Defendant's motion to dismiss. In his opposition, Plaintiff argues that: the Eleventh Amendment
24 permits suits between individuals within the same state and Defendant was acting in his individual
25 capacity rather than an agent of the state; this court has subject matter jurisdiction because he

---

[2] As Defendant points out, Plaintiff makes contradictory allegations that Defendant failed to rule on the challenge to the court's jurisdiction (*see* Compl. (dkt. 1) at 8), but he also alleges that Defendant denied the "counter claim" (*id*. at 2, 4).

United States District Court
Northern District of California

1    asserts claims under 42 U.S.C. § 1983; Defendant is not covered by judicial immunity because his
2    actions exceeded his judicial authority (i.e. impermissible violations of Plaintiff's constitutional
3    rights); and the Heck doctrine does not apply because he is not explicitly asking to have his
4    conviction overturned. Pl.'s Opp. (dkt. 13).[3]

## STANDARDS OF REVIEW

A defendant may move to dismiss an action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). A Rule 12(b)(1) motion tests whether a complaint alleges grounds for federal subject matter jurisdiction. A motion to dismiss for lack of subject matter jurisdiction will be granted if the complaint on its face fails to allege facts sufficient to establish subject matter jurisdiction. *See Savage v. Glendale Union High Sch.,* 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). Once a party has moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the opposing party bears the burden of establishing the court's jurisdiction. *See Chandler v. State Farm Mut. Auto. Ins. Co.,* 598 F.3d 1115, 1122 (9th Cir. 2010).

Additionally, in order to survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a plaintiff must allege facts that "raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); thus, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the nonmoving party," *Wyler Summit Partnership v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998), the court is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Thus, mere recitals of the elements of a cause of action, supported only by conclusory statements, are insufficient. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Additionally, it should be noted that courts construe *pro se* pleadings liberally, interpreting them to raise the strongest arguments they suggest. *See Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003) ("[c]ourts

---

[3] Plaintiff stated that he does not have access to a law library due to COVID19 restrictions, and thus, cannot form a response to the *Rooker-Feldman* or *Heck* doctrines. Pl.'s Opp. (dkt. 13) at 3, 6.

have a duty to construe *pro se* pleadings liberally, including *pro se* motions").

Dismissal for failure to state a claim is appropriate only where it appears, beyond doubt, that the plaintiff can prove no set of facts that would entitle her or him to relief. *Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In short, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must plausibly suggest a claim entitling the plaintiff to relief. *Moss v. United States Secret Serv.*, 572 F.3d 962, 970 (9th Cir. 2009).

## DISCUSSION

Plaintiff's allegations in support of his claims sound in sovereign citizen theories – namely, his vague descriptions about his jurisdictional challenge to the state criminal court action, as well as Plaintiff's expressed concern about not wanting to "contract" with the court when asked to sign a waiver of his right to counsel after having expressed a desire to proceed in defending his criminal case *pro se*. Arguments of this sort have been routinely and summarily rejected by the courts. *See e.g., Vazquez v. California Hwy. Patrol*, No. 2:15-cv-756, 2016 WL 232332, at *3 (E.D. Cal. Jan. 19, 2016) (finding plaintiff's "secured party creditor" theory to be "clearly frivolous," warranting dismissal of Section 1983 complaint without leave to amend); *Williams v. Scheingart*, No. C 15-3013-MMC, 2015 WL 7351388, at *1 (N.D. Cal. Nov. 20, 2015) (dismissing habeas petition, without leave to amend, that sought release from custody, as well as monetary relief against various officials, on the ground that the state court in which plaintiff was convicted lacked jurisdiction over plaintiff because he is a "sovereign citizen."); *Culpepper v. Biddle*, No. CV 18-8826-JFW (GJS), at *8, *11 (C.D. Cal. Nov. 1, 2018) ("Petitioner deems himself a 'secured party creditor' . . . [a]s a threshold matter, Petitioner's sovereign citizen-type assertions are so patently frivolous and specious that little discussion about them is required. The Court rejects them summarily for the same reasons adduced and explicated in numerous other decisions."); *see also United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts."); *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990) (describing the "sovereign

citizen" defense as having "no conceivable validity in American law"). Nevertheless, the court will address each of Defendant's challenges to Plaintiff's claims.

### I. Judicial Immunity

It is well established that judges have absolute immunity from damage liability for acts of a judicial nature. *See Forrester v. White*, 484 U.S. 219, 227-29, (1988); *see also Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). An act is a judicial act when it is one that relates to a "general function normally performed by a judge." *Waco*, 502 U.S. at 13. Judicial immunity also applies to actions brought under 42 U.S.C. section 1983 for acts committed within the scope of judicial duties, "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 355-57 (1978). Defendant is immune from suit because the claims against him are based on acts typically performed by judges presiding over the criminal proceedings. Plaintiff's allegations that Defendant made errors, even errors that allegedly violated his constitutional rights, do not strip Defendant of this immunity.

### II. *Rooker-Feldman* Doctrine

Federal district courts, as courts of original jurisdiction, do not have subject matter jurisdiction to review errors allegedly committed by state courts. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923) ("The jurisdiction possessed by the District Courts is strictly original."); *D.C. Ct. of Apps. v. Feldman*, 460 U.S. 462, 482 (1983) ("[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings."). Under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction to review the propriety of state court rulings. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (*Rooker-Feldman* doctrine bars "cases brought by state-court loser complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review of those judgments"). The proper court to obtain review of a final state court decision is the United States Supreme Court. *See* 28 U.S.C. § 1257; *Rooker*, 263 U.S. at 416; *Feldman*, 460 U.S. at 476.

The *Rooker-Feldman* doctrine applies even when the state court judgment is not made by the highest state court. *Dubinka v. Judges of the Super. Ct.*, 23 F.3d 218, 221 (9th Cir.1994);

*Worldwide Church of God v. McNair*, 805 F.2d 888, 893 n.3 (9th Cir. 1986). It also applies when a plaintiff's challenge to the state court's actions involves federal constitutional issues. *Feldman*, 460 U.S. at 483-84. Under the *Rooker-Feldman* doctrine, a federal district court's jurisdiction to hear a particular constitutional challenge depends on whether the constitutional claim is "inextricably intertwined" with the state court's ruling in a state court action. *Dubinka*, 23 F.3d at 221 (quoting *Feldman*, 460 U.S. at 483-84 & n.16). If the constitutional claim presented to a district court is inextricably intertwined with the state court's decision, then the district court essentially is being called upon to review the state court decision. *Id*.

The district court lacks subject matter jurisdiction if the relief requested requires "'a mere revision of the errors and irregularities, or of the legality and correctness' of the state court judgment, not the 'investigation of a new case arising upon new facts.'" *MacKay v. Pfeil*, 827 F.2d 540, 545 (9th Cir. 1987). Because district courts lack power to hear direct appeals from state court decisions, they "must decline jurisdiction whenever they are in essence being called upon to review the state court decision." *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2000).

Here, the complaint plainly asserts a challenge to the decisions by Defendant made in his capacity as judge of a California Superior Court. Because Plaintiff is in essence asking this court to serve as an appellate tribunal to review errors allegedly committed by the California Superior Court in adjudicating the criminal case to which he was a party, the court finds it lacks subject matter jurisdiction over the federal constitutional claims.

**III.     Eleventh Amendment**

The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." U.S. Const. amend. XI. "The [E]leventh [A]mendment creates a jurisdictional bar to private damages actions against states in federal court." *Leer v. Murphy*, 844 F.2d 628, 631 (9th Cir. 1988) (citing *Quern v. Jordan,* 440 U.S. 332, 338-40 (1979)). "The amendment also bars a citizen from bringing a suit against his own state in federal court." *Hyland v. Wonder*, 117 F.3d 405, 413 (9th Cir. 1997), *opinion amended on denial of reh'g*, 127

F.3d 1135 (9th Cir. 1997) (citing *Micomonaco v. Washington,* 45 F.3d 316, 319 (9th Cir. 1995)). "It has long been settled that the reference to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities." *Regents of the Univ. of California v. Doe*, 519 U.S. 425, 429 (1997) (citations omitted). California Superior Courts are considered a state agency, and as such, those courts are immune from suit. S*ee Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987). While judges may also be immune from suit as agents or employees of the state, they are not automatically entitled to immunity. *See Hyland*, 117 F.3d at 413. Judges, as state officials, are entitled to immunity under the Eleventh Amendment if they can show that the state would be liable for a judgment in the case (i.e. the state is the real, substantial party in interest). *See Regents of the Univ. of California,* 591 U.S. at 429; *Leer*, 844 F.2d at 631; *Hyland*, 117 F.3d at 413; *Zolin*, 812 F.2d at 1110.

Here, Plaintiff seeks $25,000 in damages and an order that the record of the criminal, state court proceeding be cleared. *See* Compl. (dkt. 1) at 11-12. Defendant, however, did not address whether the state would be liable for a judgment in this case. *See generally* Def.'s Mot. (dkt. 7). In his reply brief, Defendant raises a different argument. He argues that, despite Plaintiff's attempt to allege that Defendant acted in his individual capacity, the conduct underlying these claims were performed in Defendant's official capacity as a judge, and thus, Defendant, as an agent of the state, is not a "person" under 42 U.S.C. § 1983. *See* Def.'s Reply (dkt. 10) at 4-5 & n.2. The Supreme Court has held that Section 1983's definition of "person" includes municipalities, but states and state officials acting within their official capacity are not within the statute's definition of "person" because states, unlike municipalities, are protected by the Eleventh Amendment. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). This argument rests on statutory construction of Section 1983; not on the scope of Eleventh Amendment. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997) ("The barrier [to a § 1983 claim] was not, as the Ninth Circuit supposed, Eleventh Amendment immunity, which the State could waive. The stopper was that § 1983 creates no remedy against a State."); *see also Hafer v. Melo* 502 U.S. 21, 30 (1991) (The Court "considered the Eleventh Amendment in *Will* only because the fact that Congress did

8

not intend to override state immunity when it enacted § 1983 was relevant to statutory construction."). As stated above, Plaintiff's claims rest on acts performed in Defendant's official capacity. Therefore, the claims are barred because Defendant is not a "person" under Section 1983, regardless of whether the state is liable for a judgment against Defendant.

### IV. *Heck* Doctrine

The *Heck* Doctrine provides that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Thus, if a plaintiff seeks relief that, if granted, would call into question the validity of his conviction, he must first show that the conviction was reversed, expunged, invalidated, or called into question by the grant of a writ of habeas corpus. *Id*. The purpose of the doctrine is to avoid expanding opportunities for collateral attack in order to promote finality and consistency of judicial decisions. *Id*. at 484-85.

Plaintiff alleges that Defendant inappropriately dismissed his challenge to the state court's jurisdiction, and that he was deprived of asserting certain defenses and submitting certain evidence at trial. *See* Compl. (dkt. 1) at 2-4. In his Opposition, Plaintiff argued that he "has no way of knowing if presenting his desired defense would have prevented a conviction, but he paid the fine and served time in jail. Therefore, a reversal would serve little purpose." Pl.'s Opp. (dkt. 13) at 9. However, Plaintiff alleges that Defendant violated his constitutional rights while presiding over the criminal proceeding; success on such claims would necessarily call into question the validity of his conviction. Furthermore, Plaintiff requests that the state court record be "cleared." Compl. (dkt. 1) at 12. To clear his record, would necessarily require clearing his conviction or at least impugn it. This the court cannot do. Therefore, Plaintiff's claims are barred by the *Heck* doctrine.

### CONCLUSION

As judicial immunity, the *Rooker-Feldman* doctrine, the Eleventh Amendment, and the

*Heck* doctrine all serve to bar Plaintiff's claims, the court **GRANTS** Defendant's motion to dismiss. Because any attempt to plead around these doctrines would be futile, Plaintiff's complaint is properly dismissed with prejudice. *See In re Daou Systems*, 411 F.3d 1006, 1013 (9th Cir. 2005) (complaint may be dismissed with prejudice if it is clear that it cannot be saved by amendment); *Bloom v. Martin*, 77 F.3d 318, 321 (9th Cir. 1996) ("Dismissing a complaint without leave to amend is appropriate when granting leave would serve no purpose because the acts complained of cannot constitute a claim for relief."); *Bell v. City of Kellogg*, 922 F.2d 1418, 1425 (9th Cir. 1991) (dismissal with prejudice is proper if amendment "would be futile in saving the plaintiff's case").

A separate judgment shall issue.

**IT IS SO ORDERED.**

Dated: May 14, 2020

ROBERT M. ILLMAN
United States Magistrate Judge